UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BIG APPLE ENERGY, LLC,<br><br>　　　　　　　Debtor. | Case No. 18-75807-ast<br><br>Chapter 11 |

## INTERIM EMERGENCY ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL AND OBTAINING POST-PETITION CREDIT SECURED BY SENIOR LIENS AND GRANTING ADEQUATE PROTECTION TO EXISTING LIEN HOLDERS

This matter having been ~~opened~~presented to the Court by Rabinowitz, Lubetkin & Tully, LLC, proposed counsel to Big Apple Energy, LLC, debtor/debtor-in-possession (the "Debtor"), upon the filing of motions (the "Motions") on shortened notice seeking emergency authorization to use the cash collateral of Macquarie Investments US Inc. ("Macquarie") and to obtain emergency post-petition financing from Macquarie; and the Court having scheduled the emergency hearing for August 29, 2018 at 9:30 a.m. via telephone conference call; and notice of the emergency hearing having been provided by proposed Debtor's counsel to the Office of the United States Trustee, Macquarie, Penta Mezzanine SBIC Fund I, L.P. ("Penta") the Debtor's junior priority secured creditor, and the Debtor's 20 largest unsecured creditors, and the Debtor's taxing authority claimants, advising of the ability to participate in the hearing via CourtCall and providing the contact information for CourtCall; and the Court having conducted the telephonic hearing on an emergency basis in which the Debtor, Macquarie, Penta, and the United States Trustee's Office participated; and the Court having "So Ordered" the record at the conclusion of the hearing, thereby providing emergency authorization for the Debtor to utilize cash collateral of Macquarie and Penta and to obtain debtor-in-possession financing from Macquarie in accordance with the provisions hereof; and good and sufficient cause existing for the make and entry of the

within Order to preserve the going concern value of the Debtor's assets for the benefit of its creditors and the within bankruptcy estate and in order to avoid irreparable harm.

**IT IS HEREBY ORDERED ADJUDGED AND DECREED,** that the Debtor is authorized to utilize the cash collateral of Macquarie and Penta through the conduct of the continued hearing on the Debtor's Motions scheduled for September 6, 2018 at 10:30 a.m., in Courtroom 960, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York in an amount not to exceed $267,000, for the sole purposes of making payments which are required to be made to gas suppliers, in the ordinary course of the Debtor's business; and it is further

**ORDERED,** that to the extent the use of the cash collateral by the Debtor is insufficient to enable satisfaction of the expenses which are authorized hereunder, Debtor is authorized to borrow from Macquarie post-petition financing in the amount necessary to enable satisfaction of such expenses, up to $267,000, at the London Interbank Offer Rate For Three Month Dollar Deposits appearing on the Reuters Screen LBOR01 Page at approximately 11:00 a.m. London time on the date that is two days preceding the borrowing plus 4.75% per annum; and it is further

**ORDERED**, that notwithstanding any other provision herein, the Debtor and its affiliate debtor Clear Choice Energy, LLC shall not in the aggregate disburse more than $1,500,000 in combined cash collateral and finance proceeds usage through the hearing on September 6, 2018; and it is further

**ORDERED,** that as adequate protection to Macquarie and Penta on account of the use of cash collateral, to the extent of any diminution in the value of their collateral, and to secure any post-petition financing advances plus interest, Macquarie and Penta shall be granted replacement liens on the Debtor's post-petition assets (excluding avoidance actions) and replacement liens on the Debtor's unencumbered pre-petition assets, if any, in the same extent and priority as existed in

favor of Macquarie and Penta respectively on a pre-petition basis; and it is further

**ORDERED,** that all other issues associated with the Debtor's Motion, including, without limitation, challenges to the validity, extent, and priority of the alleged secured pre-petition claims of Macquarie and Penta, any superpriority liens which may be granted to Macquarie or Penta, and the attachment of any security interest in favor of Macquarie and Penta on Chapter 5 avoidance actions, shall be addressed by the Court at the continued hearing on September 6, 2018; and it is further

**ORDERED,** that Debtor's counsel shall provide notice to the United States Trustee's Office, the Debtor's secured creditors, the Debtor's tax authority claimants, and the Debtor's 20 largest unsecured creditors of the continuation of the hearing on the Debtor's motions for September 6, 2018 at 10:30 a.m., as soon as is practical and in sufficient time to enable such parties in interest to ~~attend~~participate in the continued hearing; and it is further

**ORDERED,** that immediately upon agreement by and between the Debtor, Macquarie, and Penta on a proposed, more detailed form of order authorizing the use of cash collateral and debtor-in-possession financing, and a debtor-in-possession credit agreement and related documents, copies of such proposed documents shall be served by Debtor's counsel upon the Debtor's creditors, parties in interest, and the United States Trustees Office.



Dated: August 31, 2018  
Central Islip, New York

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**