UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                                          Chapter 11

BIG APPLE ENERGY, LLC,                                         Case No. 18-75807-ast

                      Debtor.

---------------------------------------------------------X

In re:                                                                          Chapter 11

CLEAR CHOICE ENERGY, LLC,                                Case No. 18-75808-ast

                      Debtor.

---------------------------------------------------------X

**ORDER**
**(I) AUTHORIZING DEBTORS TO REJECT AGREEMENTS;**
**(II) REDIRECTING PAYMENTS FROM UTILITIES; AND**
**(III) TERMINATING SECURITY INTERESTS**

Upon the *Motion to Compel Debtors to Assume or Reject Agreements*, dated September 11, 2018 of Ameristar Energy, LLC, Allied Consolidated Energy, LLC, United Energy Group, LLC, United Energy Supply Corp. ("United"), Global Energy, LLC, All American Power & Gas, LLC, Flanders Energy, LLC and Pure Energy USA, LLC for an Order pursuant to 11 U.S.C. § 365(d)(2), and Fed. R. Bankr. Pro. ("FRBP") 6006 ordering the debtors Big Apple Energy, LLC ("Big Apple") and its affiliate Clear Choice Energy, LLC ("Clear Choice" and, together with Big Apple, the "Debtors") to assume or reject their Natural Gas Sales Agreements, Power and Other Related Services Agreements and their other agreements with the Debtors (the "Agreements") (ECF Doc No. 53, the "Motion");  and upon the Debtors' *Verified Response to Motion by Certain ESCOs to Shorten Time By Which The Debtors Are Required to Assume or Reject Supply*

*Agreements With Those ESCOs and by Utility Expense Reduction, LLC to Compel Rejection of its Supply Agreements with the Debtors and for Related Relief*, dated September 18, 2018 (ECF Doc No. 92); and upon the *Omnibus Limited Opposition To (A) Motion To Compel Debtors To Assume Or Reject Agreements And (B) Emergency Motion Of Utility Expense Reduction, LLC To (I) Compel Rejection Of Supply Agreements; (II) Terminate The Related Security Interests; And (III) Authorize Debtor's Continued Use Of Cash Collateral To Supply Product*, dated September 19, 2018, submitted by Macquarie Investments US Inc. (ECF Doc. No. 104); upon the affidavit of Victor Ferreira sworn to on September 25, 2018 (ECF Docket No. 133.1), the affidavit of Victor Ferreira and Debtors' letter brief filed September 26, 2018 (ECF Docket Nos 135 and 136), the declaration of Roberta A. Konicki, dated September 26, 2018 (ECF Docket No. 137), the declaration of Donna Willetts, dated September 26, 2018 (ECF Docket No. 138); the declaration of John Kim, dated September 26, 2018 (ECF Docket No. 139); and the declaration of Anthony F. Valenti, dated September 26, 2018 (ECF Docket No. 141); and proper notice having been given, and cause having been shown for the relief requested, the Court having determined that the Motion should be considered on shortened notice pursuant to FRPB 9006 (c)(1); and upon the record of the hearings having been held before this Court on the Motion on September 20, 2018 and September 27, 2018; and any and all objections to the Motion having been addressed in this Order, overruled or withdrawn; and after due deliberation, IT IS HEREBY

**ORDERED** that the Motion: is granted with respect to United; and it is further

**ORDERED** that upon the concurrence by United and the Debtors that United does not owe any money to the Debtors, the United ESCO Agreements are hereby rejected as of the date of entry of this Order; and it is further

**ORDERED,** that no later than October 5, 2018 United shall file an affidavit (the "Payment

Direction Affidavit") with the Court declaring that (i) it has not received any funds directly from any utility and (ii) to the best knowledge of its knowledge each payment direction letter among the Debtors and any utility remains in full force and effect and it is further

**ORDERED,** that promptly following the entry of this Order the Debtors (or any subsequent trustee) and United shall engage in good faith discussions to resolve the amounts of monies owed by United to the Debtors' estates, if any, United's purchases of energy, services and otherwise, according to the following procedures:

(a) within ten (10) days following the later of the date of this Order the Debtors (or any subsequent trustee) shall provide Macquarie and Penta Mezzanine SBIC Fund I, L.P. ("Penta") and United with a detailed accounting (including detailed supporting documentation for all material figures therein and including any statements and reports from energy suppliers and utilities in support thereof) of all monies owing to or from United (each an "Accounting"); and

(b) within ten (10) days following United's and Macquarie's and Penta's receipt of the Accounting, any United that disagrees with such Accounting shall, and Macquarie and/or Penta may, provide the Debtors (or any subsequent trustee), the applicable United, and Macquarie and Penta with details in writing of what it considers to be any discrepancy in the Accounting, together with any requests for supporting documentation or other financial information in the possession of the Debtors or United; and

(c) promptly thereafter, the Debtors (or any subsequent trustee), Macquarie, Penta, and United shall engage in good faith negotiations to resolve any dispute to agree upon a final accounting, during which negotiations the Debtors shall grant Macquarie access to all books and records of the Debtors; and

(d) any final accounting agreed upon by the Debtors (or any subsequent trustee),

Macquarie, Penta, and United shall be set forth in writing and submitted to this Court and settled on no less than five (5) days' notice to object; and

(e) if there are no objections the Court may enter an Order approving the final accounting; and

(f) if the Debtors (or any subsequent trustee), Macquarie, Penta, and United cannot agree on a final accounting (or should any other party object to a final accounting agreed to by the Debtors (or any subsequent trustee), Macquarie, Penta, and United) the Court shall schedule a hearing or telephonic conference to resolve any such final accounting dispute as it deems appropriate; and

(g) the approval of a final accounting shall bind the Debtors' estates and United as to who owes money and the amount thereof, provided that nothing contained in this Order or any order approving a final accounting shall limit or restrict the right of the Debtors' estates or any United from pursuing any monies determined to be owing to it under the final accounting, provided further that United and the Debtors and their estates preserve all of their rights, claims and defenses thereto.

**ORDERED**, that upon United filing its Payment Direction Affidavit, the Debtors shall take steps reasonably requested by United to immediately release all security interests, if any, existing or of record in favor of the Debtor(s) against United.

**Dated: October 5, 2018**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**