UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:
Big Apple Energy, LLC                                    Case No.: 18-75807-AST
                                                         Chapter 7

                          Debtor.

-------------------------------------------------------------X
In re:
Clear Choice Energy, LLC                                 Case No.: 18-75808-AST
                                                         Chapter 7

                          Debtor.

-------------------------------------------------------------X

## DECISION AND ORDER DENYING MOTION TO RECONSIDER THE COURT'S DECEMBER 16, 2021, ORDER

Pending before the Court is a motion filed by Victor Ferreira ("Ferreira"), the sole member of Big Apple Energy, LLC and Clear Choice Energy, LLC (the "Debtors") to have the Court reconsider and modify its Order entered on December 16, 2021 [Dkt. Item 672]. In his motion (the "Motion to Reconsider"), Ferreira asserts that the Court must reconsider the Order, and require the Chapter 7 Trustee, Richard L. Stern (the "Trustee") to pay the interest and penalties personally asserted against Ferreira arising from his failure to pay withholding taxes owed by Debtors to the IRS.

After due deliberation and consideration, Ferreira's Motion to Reconsider is denied.

### JURISDICTION, VENUE, AND ADJUDICATORY AUTHORITY

This Court exercises the jurisdiction vested in the U.S. District Court pursuant to 28 U.S.C. § 1334(a) and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2013, but made effective *nunc pro tunc* as of June 23, 2011. Venue lies pursuant to 28 U.S.C. § 1408. This matter is a core

proceeding under 28 U.S.C. § 157(b)(2)(A). The Court has the authority to hear and determine the issues raised under 28 U.S.C. § 157(b)(1).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Background and Procedural History*

The factual background and procedural history are taken from the docket entries, pleadings, exhibits, letters, and other papers submitted by the parties. The facts are not in material dispute.

On August 27, 2018, Debtors filed voluntary petitions for reorganization pursuant to chapter 11 of the United States Bankruptcy Code.

By Order entered on December 11, 2018, and as an amended Order entered on December 17, 2018, Debtors' cases were converted to chapter 7 (the "Conversion Order") [Dkt. Items 355 and 369]. The Trustee is the duly qualified, permanent trustee administering Debtors' estates.

Ferreira, acting on behalf of Debtors' estates, failed to pay withholding taxes that were incurred during the Chapter 11 proceeding and owed to the IRS on account of Debtors' employees. Upon this being brought to the Court's attention, the Court directed Ferreira on October 4, 2018, to "segregate from all collections any funds that may be owing to or have been collected for the benefit of any taxing authorities" [Dkt. Item 177]. Ferreira then placed approximately $83,000 in reserve in a subaccount earmarked for the outstanding withholding taxes (the "Segregated Funds").

After entry of the Conversion Order, Ferreira turned over the Segregated Funds to the Trustee. The Segregated Funds thereafter remained in a separate, earmarked account.

Because the withholding taxes were not paid, the IRS filed two claims against Debtors' estates. On June 5, 2020, the IRS filed amended claim no. 1-3 against Big Apple in the amount

of $26,928.90 as a priority claim for pre-petition taxes under Bankruptcy Code section 507(a)(8). On May 6, 2019, the IRS filed claim no. 48 in the amount of $48,048.95 as a post-petition Chapter 11 administrative claim against Big Apple. Both claims assert amounts due on account of withholding taxes and total $74,977.85 (the "IRS Claims").

On April 4, 2019, the New York State Department of Taxation and Finance, Bankruptcy Unit (the "NYS") filed amended claim no. 10-2 against Big Apple in the amount of $17,7963.23 as a Chapter 11 administrative claim (the "NYS Claim"). The NYS Claim also arises from withholding taxes incurred during the Chapter 11 proceeding.

*Ferreira Adversaries and Stipulation*

Acting on behalf of Debtors' estates, the Trustee commenced numerous adversary proceedings, including two filed on August 16, 2021, against Ferreira and related parties (the "Ferreira Adversaries") [Adv. Pro. Nos.: 20-08142; 20-08143]. After Court ordered mediation, the Ferreira Adversaries were settled.

On October 7, 2021, a Stipulation and Order, reflecting the terms of the settlement, was entered by the Court (the "Ferreira Stipulation") [Adv. Pro. No. 20-08142, Dkt. Item 31; Adv. Pro. No. 20-08143, Dkt. Item 31].

The Ferreira Stipulation, which was approved by Ferreira and his counsel, specifically identifies the Segregated Funds that were turned over to the Trustee. The terms of the Ferreira Stipulation state the following: "the Trustee is authorized the pay the IRS Claims and NYS Claim with the Segregated Funds; and if necessary, any other funds from the Big Apple estate subject to further Order of the Court." [Adv. Pro. No.: 20-08143, Dkt. Item 31]. The Ferreira Stipulation identifies the tax claims as those that have been filed against the estates as: (i) the IRS Claims no. 1-3 and 48; and (ii) the NYS Claim no. 10-2. The Ferreira Stipulation only refers

3

to the IRS and NYS Claims as filed and makes no reference to the payment of any penalties or interest.

### *The Distribution Motion and Order*

On November 8, 2021, being after the Ferreira Stipulation had been so ordered by the Court, the Trustee filed a motion, seeking entry of an Order authorizing the Trustee to *inter alia* pay the IRS Claims and NYS Claim as filed against Debtors' estates (the "Distribution Motion") [Dkt. Item 668]. The Distribution Motion incorporates the Ferreira Stipulation and similarly only defines the IRS and NYS Claims as those filed against the estates. Further, the amounts the Trustee sought to pay the IRS Claims ($74,977.85) and NYS Claim ($17,963.23) in the Distribution Motion are the same as those contemplated in the Ferreira Stipulation.

No objections were filed to the Trustee's Distribution Motion.

On December 14, 2021, this Court held a hearing on the Distribution Motion (the "Hearing"). At the Hearing, Ferreira, now appearing pro-se, asked the Court to address "an additional $55,000 in penalties that have been assessed to the estate." Counsel for the Trustee responded that neither the IRS Claims nor NYS Claim had been amended to include penalties or interest. Trustee's Counsel further responded that they were seeking to pay the IRS and NYS Claims as filed against Debtors' estates, and as specifically defined in both the Distribution Motion and the Ferreira Stipulation. The Court granted the Distribution Motion after due deliberation and consideration, as the Trustee appeared to have been exercising his best business judgment to make the proposed distributions on filed claims as to which no objections had been filed [Dkt. Item 673, Transcript of Hearing, pages 9-11].

On December 16, 2021, the Court entered the Order granting the Distribution Motion (the "December 16 Order"). The December 16 Order, *inter alia*, authorized the Trustee to pay the IRS Claims and NYS Claim in the amounts as filed against Debtors' estates [Dkt. Item 672].

***The Motion to Reconsider***

On December 30, 3021, Ferreira filed his initial Motion to Reconsider [Dkt. Item 675]. On January 3, 2022, Ferreira filed an Amended Motion to Reconsider the Court's December 16, Order (the "Motion to Reconsider") [Dkt. Item 676].

Ferreira states, among other things, that on February 8, 2021, he received a notice from the IRS of a proposed assessment of penalties for the failure to timely satisfy the payroll tax obligations reflected in the IRS' Claims. On June 28, 2021, Ferreira states he received two certified letters from the IRS, each containing a "Notice of Intent to Seize Property or Rights to Property," due to the non-payment of the IRS Claims. On November 19, 2021, Ferreira states he was informed that the IRS Claims had been moved to collections and that a federal tax warrant would be filed against him personally.

Ferreira argues that the Distribution Motion neglected to mention that the Trustee failed to timely pay the IRS Claims after Ferreira turned over the Segregated Funds. The Trustee's inaction, Ferreira alleges, resulted in over $54,000 in penalties and interest being "assessed against the Big Apple Estate." Ferreira argues that because the December 16 Order states the IRS and NYS Claims will be paid "in full and final satisfaction," the Trustee signaled his intention to also pay the accrued IRS penalties and interest. This language, Ferreira submits, requires the Trustee to pay all interest and penalties that have been and may be assessed on the IRS Claims and NYS Claim. Therefore, Ferreira urges the Court to reconsider the December 16 Order pursuant to Federal Rule of Civil Procedure 59(e) and amend the December 16 Order to require

the Trustee to also pay the penalties and interest that have been asserted by the IRS against Ferreira personally, and any that may be asserted in the future against Ferreira by the IRS and NYS for unpaid withholding taxes.

***The Trustee's Objection***

On January 19, 2022, the Trustee filed his objection to Ferreira's Motion to Reconsider (the "Objection") [Dkt. Item 677]. The Trustee points out that the Ferreira Stipulation and Distribution Motion specifically define the tax claims as only those that have been filed against the estates: (i) the IRS Claims nos. 1-3 and 48; and (ii) the NYS Claim no. 10. Accordingly, the Court approved the Distribution Motion that was filed, and the IRS Claims and NYS Claim were paid as filed against the estates and in accordance with the December 16 Order, Distribution Motion, and Ferreira Stipulation. Thus, the Trustee states he fulfilled his obligation to pay the tax obligation owed by Debtors' estates.

The Trustee further points out that the penalties and interest have been assessed personally against Ferreira and are not part of any taxing authority claims that have been filed against Debtors' estates. As such, the Trustee asserts he is neither obligated nor authorized to pay the penalties and interest imposed on Ferreira from outstanding tax obligations, especially when (i) there are no claims filed against Debtors for such amounts; and (ii) such penalties and interest were incurred because of Ferreira's own failure to pay the withholding taxes during the chapter 11 phase of these cases. Therefore, because the tax obligations owed by Debtors' estates, as reflected in properly filed claims, have been paid, the Trustee urges the Court to deny the Motion to Reconsider.

*Ferreira's Reply*

On January 23, 2022, Ferreira filed his Reply Memorandum of Law (the "Reply") [Dkt. Item 680] and his Affidavit in Support of his Reply (the "Affidavit") [Dkt. Item 679]. Both the Reply and Affidavit rely heavily on drafts of the Ferreira Stipulation, which were allegedly exchanged as part of the confidential mediation process. Ferreira's efforts to interject these drafts are inappropriate.

Pursuant to the Mediation Orders entered by the Court in the Ferreira Adversaries, the mediations were governed by E.D.N.Y. LBR 9019-1 [Adv. Pro. No.: 20-08142, Dkt. Item 22; Adv. Pro. No.: 20-08143, Dkt. Item 21].

E.D.N.Y. LBR 9019-1 states in relevant part: "Rule 408 of the Federal Rules of Evidence and any applicable federal or state, statute, rule, common law, or judicial precedent relating to the privileged nature of settlement discussions, mediation, or other alternative dispute resolution procedure shall apply to statements and information that may not be disclosed pursuant to this rule." Rule 408 mandates that evidence of an offer to compromise a claim is not admissible in evidence as an admission of the validity or invalidity of a claim.

Further, E.D.N.Y. LBR 9019-1 "preserves the confidentiality of all statements in the mediation process, including the views and suggestions of the mediations participants with respect to possible pathways to a settlement, any settlement proposals advanced by a party or the mediator, and whether a mediation participant was willing to accept a mediator's proposal." *See In re Brizinova*, 565 B.R. 488, 498 (Bankr. E.D.N.Y. 2017) ("Communications of this nature must be protected from disclosure in order to permit an open and candid process, in much the same way that Federal Rule of evidence 408 generally excludes from evidence 'conduct or a statement made during compromise negotiations about [a] claim.'").

Because the Affidavit and Reply rely on inadmissible settlement proposals, the Court will not consider them. The Court also notes these drafts were not submitted in opposition to the Distribution Motion.

## DISCUSSION

I. **Federal Rule of Procedure 59(e)**

Ferreira requests that the Court reconsider the Court's December 16 Order under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure. Rule 59(e) authorizes the filing of a "motion to alter or amend a judgment." The standard for granting a motion under Rule 59(e) is "strict, and reconsideration will generally be denied." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To succeed on a motion to reconsider, 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" *In re Taub*, 421 B.R. 93, 101 (Bankr. E.D.N.Y. 2009) (quoting *Banco Cent. Del Para. v. Para. Humanitarian Found.*, 2007 WL 2493684, at *2 (S.D.N.Y. 2007)).

A motion for reconsideration is considered timely under Rule 59(e) and Bankruptcy Rule 9023 if it is filed within 14 days of the judgment or order. *In re Banfi*, 2021 WL 2407504, at *2 (Bankr. E.D.N.Y. 2021). However, arguments raised for the first time on a motion for reconsideration are considered untimely; it is improper for a movant to present new material on a motion for reconsideration, because that material has not been previously presented and therefore has not been previously overlooked by the court. *In re AMR Corp.*, 2021 WL 5016606, at *3 (Bankr. S.D.N.Y. 2021).

The Court entered its Order granting the Trustee's Distribution Motion on December 16, 2021. Ferreira filed his Motion to Reconsider on December 30, 2021, and his Amended Motion to Reconsider on January 3, 2022. Ferreira's Motion to Reconsider is timely.

However, the Trustee's Distribution Motion only sought to pay the IRS and NYS Claims that have been filed against the estates. The Trustee's Distribution Motion specifically requested to pay the IRS $74,977.85 and NYS $17,962.23. The Trustee did not include any penalties or interest personally incurred by the bankruptcy estates or Ferreira in the Distribution Motion, nor did the IRS or NYS file claims against Debtors' estates for these penalties and interest.

Further, no objection to the Distribution Motion was filed by Ferreira. *See* E.D.N.Y. LBR 9006-1(a)(i) ("all motion papers shall be served at least 14 days before the hearing date"); *see also* E.D.N.Y. LBR 9006-1(a)(ii) ("any answering papers shall be served so as to be received at least 7 days before the hearing date"); *see also* E.D.N.Y. LBR 9013-1(b) ("A response to a written motion shall be in writing and shall state the factual grounds upon which relief is opposed, and the legal authorities that support the respondent's position, either in the response or in a separate memorandum of law. Failure to provide this information may be grounds to strike the response or grant the motion by default.").

Therefore, the Distribution Motion was granted based on the undisputed facts and controlling law before the Court during the December 14 Hearing.

Ferreira's Motion to Reconsider is ill-founded because he raises arguments based on evidence he did not present at or prior to the Hearing, and which would have been inadmissible in any event. Therefore, his arguments have not been previously overlooked by the Court. The Court will not consider relief under Rule 59(e).

## II.     Federal Rule of Procedure 60(b)

While Ferreira did not specifically move for relief under Federal Rule of Procedure 60, the Court has also considered Rule 60(b) which governs the grounds for relief from a final judgment, order, or proceeding. The only applicable section under Rule 60(b) which is related to the arguments raised by Ferreira is Rule 60(b)(1). Rule 60(b)(1) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… (1) mistake, inadvertence, surprise, or excusable neglect." "The term 'mistake' in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact". *In re Coughlin*, 568 B.R. 461, 477 (Bankr. E.D.N.Y. 2017) (quoting *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009)).

Ferreira cites to a string of cases which generally hold the Trustee has an obligation to pay the taxes owed by the estate. This position is generally correct, and the Trustee moved to pay the IRS Claims and NYS Claim that had been filed against the estates. The Trustee did not seek to pay any additional penalties or interest. However, Ferreira is incorrect when he states that the "failure to pay the IRS Claims and NYS Claim resulted in penalties and interest being assessed on these claims against the Big Apple Estate" [Dkt. Item 676]. No claims for accrued penalties or interest have been filed against Debtors' estates. Again, the Distribution Motion and Ferreira Stipulation only identify the IRS Claims and NYS Claim as those filed against the estates. After due deliberation and consideration, the Court granted the Distribution Motion, and directed the Trustee to pay the IRS Claims and NYS Claim as identified in the Distribution Motion, Ferreira Stipulation, and as filed against the estates.

The Court agrees that the Trustee is neither obligated nor authorized to pay the personal penalties imposed on Ferreira from outstanding tax obligations when there are no claims filed

against Debtors for such amounts. The Trustee is neither obligated nor authorized to pay claims that are not filed against Debtors' estates. *See generally* 11 U.S.C. §§ 704(a)(2); 704(a)(5). Therefore, the Court does not find that there was "mistake" warranting Ferreira relief from the December 16 Order under Rule 60(b)(1).

## CONCLUSION

Based on the foregoing, it is hereby

      **ORDERED,** that Ferreira's Motion to Reconsider is denied.



**Dated: April 1, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**